IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONY BISHOP,                          )
                                      )
    Plaintiff,                        )
                                      )
vs.                                   )   CV 02- AR -2107-S
                                      )
SECURITY CREDIT,                      )
                                      )
    Defendant.                        )

## MEMORANDUM OPINION

This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* Plaintiff's complaint asserts both individual and class claims. Default was entered by the Clerk against the defendant, Security Credit, on October 15, 2002. The Court thereafter granted Plaintiff's motion to withdraw his demand for trial by jury, and the action came on for a hearing on damages on November 21, 2002, in Birmingham Alabama, before a United States Magistrate Judge. At that time, in open court, Plaintiff moved to dismiss the class action allegations, without prejudice. That motion is GRANTED, and the CLASS ACTION ALLEGATIONS are hereby DISMISSED WITHOUT PREJUDICE.

The plaintiff, the only witness, testified.[1] He stated that he received from the defendant, Security Credit, several letters addressed to him, all of which were substantially similar to the letter attached to the plaintiff's complaint, except for the language "LAST CHANCE BEFORE LEGAL ACTION." That letter, marked as Exhibit A, was offered and admitted into evidence. It stated:

    Balance Due:    $443.00        Account Number : 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
    Minimum Payment:    $ 25.00 Payment Due By: July 17, 2002

---

[1] The court has read the transcript of the hearing filed by the court reporter.



Original Creditor: DR. Bajaj
LAST CHANCE BEFORE LEGAL ACTION!

The court hereby finds that the defendant failed to comply with §1692g(a), which provides:

**Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

For such violation, §1692k(a)(1) provides for an award of "any actual damage sustained ... as a result of such failure." Section 1692k(a)(2)(A) allows for "additional damages as the court may allow, but not exceeding $1,000."

The plaintiff testified that receiving the letter caused him to worry that legal action was going to be taken against him, whereupon he sought the assistance of counsel. The plaintiff asks that this court award him damages for the "worry and fright" he was caused. The plaintiff did not testify that he suffered as a result of not being furnished with all of the information required under §1692k(a)(1). The court awards damages under §1692k(a)(2)(A), in the amount of Five Hundred Dollars ($500.00). After consideration of counsel's affidavit, and counsel's requested attorney's fees as set out in the plaintiff's proposed final judgment, the court awards attorney's fees to the plaintiff, under §1692k(a)(3), in the amount of $1,930.00.

Wherefore, default judgment is due to be entered in favor of Tony Bishop and against Security Credit in the total amount of $2,430.00.

DONE, this __13th__ day of December, 2002.

_____
WILLIAM M. ACKER, JR.,
SENIOR UNITED STATES DISTRICT JUDGE